**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|   |   |   |
|---|---|---|
| **MECCA MUSARI,** | * |   |
|   | * |   |
| Plaintiff, | * |   |
|   | * |   |
| v. | * | Case No.: PWG-15-3028 |
|   | * |   |
| **COUNTRYWIDE HOME LOANS** *et al.*, | * |   |
|   | * |   |
| Defendants. | * |   |
|   | * |   |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mecca Musari, *pro se*, has filed a ten-count complaint against Defendants[1] regarding the foreclosure of her home and related state and federal claims. Certain Defendants[2] have filed a joint motion to dismiss, arguing that she lacks standing to bring her claims, is inappropriately attacking state court decisions in federal court for certain of her state law claims and has failed to state a claim for the remainder of her state and federal claims. *See* Defs.' Mot., ECF No. 12.[3]

---

[1]   Defendants in this case are Countrywide Home Loans ("Countrywide"), Bank of America, N.A. ("BofA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Federal National Mortgage Association ("Fannie Mae") Joanne Rankel Fisheras (an individual and Ariel Auctions LLC), Jeffry B. Fisher, William K. Smart, Doreen A. Strothman, Virginia S. Inzer, Carletta M. Grier, Marie Cross (as an individual and Fisher Law Group), Elaine Waterson, and Thomas Clark (as an individual and Greentree Loan Servicing LLC).

[2]   Counsel have entered appearances for all Defendants except Countrywide and BofA. For the remainder of this memorandum opinion and order, when I state "Defendants," I am referring only to those Defendants for whom counsel have entered an appearance.

[3]   Accompanying Defendants' motion is a memorandum of law, Defs.' Mem., ECF No. 12-1. Musari has filed an opposition, Opp'n, ECF No. 16, and Defendants have filed a reply, Reply, ECF No. 17. Musari has also filed a notice of misconduct with respect to certain Defendants, ECF No. 18, but has not asked for relief or explained its relationship to her current claims. As a

I.  **BACKGROUND**

Musari has alleged ten causes of action against all Defendants in this case, one of which was only brought against Countrywide. Because Countrywide has not entered an appearance[4] and has not moved to dismiss her claims, Defendants' motion to dismiss does not addresses Count 1: violations of Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.*, and Count 2: breach of contract. Defendants' motion seeks dismissal of her other claims, which are as follows: Count 3: violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; Count 4: violations of the Uniform Commercial Code ("UCC"), Article 3; Count 5: violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e; Count 6: violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; Count 7: violations of the Maryland Consumer Protection Act ("MCPA"), Md. Code. Ann., Com. Law § 13-101 *et seq.*; Count 8: violations of slander of title; Count 9: perjury; and Count 10: wrongful foreclosure.

Musari refinanced a mortgage with Countrywide on November 21, 2005. *See* Compl. ¶¶ 47–49, ECF No. 1. This mortgage was secured by a deed of trust on her residence. *See id.* ¶¶ 7, 49. Subsequently, she received a foreclosure notice that she was in debt and that she would

---

result, I have not considered this notice in ruling on Defendants' motion to dismiss. A hearing is unnecessary in this case. *See* Loc. R. 105.6.

[4]     Musari filed her complaint on October 6, 2015, and appears to have not yet served Countrywide or BofA. Under Fed. R. Civ. P. 4(m), as it applied at the time the complaint was filed,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

I will order Musari to serve Countrywide and BofA by September 3, 2016, or Musari's case against them will be dismissed without further notice.

need to pay it off to avoid foreclosure. *See* Debt Notice, Compl., Ex. P, ECF No. 1-18. Foreclosure proceedings began in the Circuit Court for Prince George's County, Maryland, on May 17, 2013. *See Fisher v. Musari*, No. CAE13-14491 (filed May 17, 2013). Musari's property was sold to Fannie Mae on December 13, 2013. *See* Rpt. of Sale, Defs.' Mot., Ex. F., ECF No. 12-7. After unsuccessfully contesting the foreclosure action in circuit court, *see Musari*, No. CAE13-14491, Musari filed for Chapter 7 bankruptcy. *See In re Musari*, No. 15-13225 (Bankr. D. Md. 2015). On June 19, 2015, the bankruptcy court permitted Fannie Mae to complete the foreclosure proceedings, *see In re Musari*, Doc. No. 44, and on June 24, 2015, discharged Musari's debt, *see In re Musari*, Doc. No. 46. The bankruptcy case was closed on July 1, 2015. *See In re Musari*, Doc. No. 49.

## II. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

"Standing is a jurisdictional issue . . . ." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004).[5]

---

[5] There are several jurisdictional issues before me: (1) the Anti–Injunction Act, 28 U.S.C. § 2283, (2) relief concerning property that already is the *res* (the subject) of an ongoing *in rem* action in another court, see *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939); (3) the *Rooker-Feldman* doctrine, *see Thana v. Bd. of License Comm'rs for Charles Cty., Maryland*, No. 15-1660, 2016 WL 3536694 (4th Cir. June 28, 2016); (4) *Younger* abstention, *see Tucker v. Specialized Loan Servicing*, 83 F. Supp. 3d 635 (D. Md. 2015); and (5) standing. The Supreme Court has "recognized that a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 573, 585 (1999) and citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100–01, n.3 (2007)). Because I will rule on the standing issue and find that it requires further proceedings before the bankruptcy court and amendment of the complaint, I decline to rule on these other jurisdictional issues. Defendants are free to reargue these jurisdictional issues in a second motion to dismiss should there be a good-faith legal basis for filing one in the future. However, Defendants would be wise to review carefully the decisions in *Thana* and *Tucker* before doing so.

3

> Standing does not refer simply to a party's capacity to appear in court. Rather, standing is gauged by the specific common-law, statutory or constitutional claims that a party presents. "Typically, . . . the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication *of the particular claims asserted.*"

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 77 (1991) (quoting *Allen v. Wright,* 468 U.S. 737, 752, (1984)) (emphasis in *Int'l Primate*). A motion to dismiss for lack of standing is analyzed as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Graves v. OneWest Bank*, No. PWG-14-1995, 2015 WL 2452418, at *3 (D. Md. May 20, 2015); *see also Nat'l Alliance for Accessibility, Inc. v. Rite Aid of N. Carolina, Inc.*, 1:10CV932, 2011 WL 4499294 (M.D.N.C. Sept. 27, 2011) ("Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may assert that a court lacks subject matter jurisdiction over a plaintiff's complaint, including by challenging a plaintiff's standing.").

A party may move to dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(1), which allows it to assert lack of subject matter jurisdiction by motion as a defense to a claim for relief. A Rule 12(b)(1) motion to dismiss may allege that "the jurisdictional allegations in the complaint are not true." *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (same). If the defendant alleges as much, then "the Court may . . . consider matters beyond the allegations in the complaint." *Fontell*, 2010 WL 3086498, at *3. The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.").

4

When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

### B. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff is proceeding *pro se*, and her complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal

construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). I must accept the facts as alleged in Plaintiffs' complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011). If the documents that the Court considers exceed this scope, the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, 916 F. Supp. 2d 620, 623 (D. Md. 2013). In considering Defendants' motion to dismiss, I have only looked at those exhibits attached to Musari's pleadings or those exhibits attached to the parties' filings with respect to this motion that are integral to the amended complaint and the authenticity of which has not been disputed.

### III. DISCUSSION

#### A. Standing

Defendants argue that Musari lacks standing to bring all of her claims because Musari's debts were discharged in Chapter 7 bankruptcy, these claims existed at the time she entered

bankruptcy, and the claims are assets of the bankruptcy estate. *See* Defs.' Mem. 29–30. Musari does not dispute, and the record establishes, that her debts were discharged in a Chapter 7 bankruptcy and that the claims that she seeks to assert in this lawsuit existed at the time she filed for bankruptcy. *See In re Musari*, Doc. No. 47; Compl. At issue, therefore, is whether her claims are properly the assets of the bankruptcy estate and if they are, how it affects the disposition of Defendants' motion to dismiss.

"When a person files for protection from creditors under federal bankruptcy law, all of the person's property, including personal injury claims, become the property of the bankruptcy estate." *Schlotzhauer v. Morton*, 119 A.3d 121, 123 (Md. Ct. Spec. App. 2015), *cert. granted*, 128 A.3d 51 (Md. 2015); *see also Bowie v. Rose Shanis Fin. Servs.*, LLC, 862 A.2d 1102, 1106–07 (Md. Ct. Spec. App. 2004).[6] Only the bankruptcy trustee may bring these claims, including claims for personal injuries unless (i) "the trustee abandons the [claims]" or (ii) "the bankruptcy court declares them to be exempt from creditor claims." *See Schlotzhauer*, 119 A.3d at 123. The trustee retains the exclusive right to assert these claims even after the bankruptcy case has been closed and the debtor's debt discharged. *Id.* at 123–24; *see also Bowie*, 862 A.2d at 1113–14. If a debtor brings suit for claims that belong to the bankruptcy estate, the debtor lacks standing, and the claims must be dismissed unless the estate has abandoned its rights with respect to the claims. *See Bowie*, 862 A.2d at 1106–07, 1118 (affirming circuit court's dismissal of case where bankruptcy trustee had exclusive right to bring claim and therefore debtor lacked standing); *see*

---

[6] As will be discussed in this memorandum opinion, there are statutory exemptions to a bankruptcy estate's property for legal claims for "injuries of a person." *See Niedermayer v. Adelman*, 90 B.R. 146, 148–49 (D. Md. 1988). A personal injury claim like the one in *Schlotzhauer* is one type of claim for an "injury of a person" that falls within the statutory exemption; however, other claims for injury of the person, including false imprisonment, malicious prosecution, and defamation, are also exempt, even if the injury to the person is mental anguish or damage to the person's reputation. *See id.* at 149.

7

*also Ahteshamuddin v. Residential Credit Sols. Inc.*, No. WMN-11-854, 2011 WL 4345060, at *3 (D. Md. Sept. 14, 2011) ("[B]ecause the causes of action now asserted became the property of the bankruptcy estate and were never abandoned by the trustee, Plaintiff lacks standing to pursue those claims and they must be dismissed.").

1. *Abandonment*

Under 11 U.S.C. § 554, abandonment of property of the estate occurs when

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

*See also Ahteshamuddin*, 2011 WL 4345060, at *2–3. The Court may take judicial notice of matters of public record such as the records of Musari's bankruptcy proceedings. *See Gatson v. PNC Bank, Nat. Ass'n*, No. PWG-12-2343, 2013 WL 140927, at *1 n.1 (D. Md. Jan. 10, 2013); *Hasan v. Friedman & MacFadyen, P.A.,* No. DKC–11–3539, 2012 WL 3012000, at *1 & n. 1 (D.Md. July 20, 2012); *Kalos v. Centennial Sur. Assocs.,* No. CCB–12–1532, 2012 WL 6210117, at *2 (D.Md. Dec.12, 2012). In any case, because I consider a challenge to a plaintiff's standing under Fed. R. Civ. P. 12(b)(1), I may look outside the pleadings' allegations without converting the motion to dismiss to a motion for summary judgment. *See Richmond*, 945 F.2d at 768.

Upon review of the bankruptcy docket in *In re Musari*, I find no evidence that the trustee abandoned the claims that Musari has raised in this litigation. There was no notice and hearing

that would satisfy abandonment under 11 U.S.C. §§ 554(a) or 554(b). Further, Musari did not include her claims against Defendants in the Schedule B of her personal property or Schedule C of her property claimed as exempt. *See In re Musari*, Doc. No. 27. Accordingly, the trustee could not have abandoned any claims against Defendants under 11 U.S.C. § 554(c). For these reasons, I find that the trustee has not abandoned the claims that Musari brought against Defendants in this action.

    *2. Exemption*

For a debtor's property to be exempt from being property of the estate, it must be (i) listed as a claimed exemption on the debtor's schedule of property; (ii) not subject to a successful objection by the trustee; and (iii) authorized by statute. *See* 11 U.S.C. 522(l); Bankr. R. 4003; *Schlotzhauer*, 119 A.3d at 130; *Bowie*, 862 A.2d at 1114. "The bankruptcy code sets forth a list of items that a debtor may be exempt from the property of the estate (*see* 11 U.S.C. § 522(b)), but also permits each state to opt out of the federal scheme and to enact a set of exemptions for its own citizens." *Schlotzhauer*, 119 A.3d at 125 n.3. Maryland has set forth its own exemptions under Md. Code, Cts. & Jud. Proc. § 11-504(b), which provides

> The following items are exempt from execution on a judgment:
> . . .
> (2)    Except as provided in subsection (i) of this section, money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

This provision exempts a debtor's claims for injuries to the person from being the property of the estate. *See, e.g.*, *In re Dobbins*, 249 B.R. 849, 850 (Bankr. D. Md. 2000). The rationale behind this exemption is as follows:

9

> A fundamental civility of our jurisprudence subordinates financial obligations to claims of life and liberty. Thus, without the citation of authority, our system does not permit incarceration to satisfy a debt. Nor does it permit the sale of human beings as chattels. We would never require, for example, the extraction of a pint of blood from a person for sale in satisfaction of a money judgment.
>
> Likewise an exemption law that permits a debtor to retain his claim to recompense himself for personal injury avoids a creditor's stripping him of his means of possibly becoming whole when injured in tort. The law will, within limits, allow for attachment of his property for the satisfaction of debts, and for that matter lawsuits that go with that property, but it will not allow for attachment of his person for such purpose. Under these principles we can expect that a car which is burned in an electrical fire will be subject to attachment, as would be any claim against the insurance company for the fire loss. On the other hand, a person is not a chattel subject to attachment in satisfaction of a debt, and so, too, a lawsuit seeking to recompense him for damage to his person is likewise protected from attachment.

*Niedermayer*, 90 B.R. at 148. Only injuries to the person, as opposed to injuries to the person's property, are exempt under § 11-504(b)(1). *Id.* at 149 ("The test in determining whether a claim for "injury of the person" falls within the exemption of this statute is whether the claim is for injury to property of the debtor or whether it is for injury to the person proper. If the latter, it will be exempt."); *see also In re Hurst*, 239 B.R. 89, 91 (Bankr. D. Md. 1999). "[M]oney payable in the event of sickness, accident, injury, or death of any person" under § 11-504(b)(1) permits exemption for "claims for injury of the person [that] encompass claims for damage to his psyche, including mental anguish and damage to reputation . . . ." *See Niedermayer*, 90 B.R. at 149.

Where an individual seeks damages for injury to one's person and to one's property as part of the same cause of action, only the claim for injury to one's person may be exempt; the portion of the cause of action for injury to one's property properly belongs to the bankruptcy estate. *See In re Hurst*, 239 B.R. at 92–93 (holding (i) the portion of a debtor's personal injury claim for the injuries to her person was exempt and was the property of the debtor and (ii) the

portion of her personal injury claim for lost wages was not exempt and was the property of the bankruptcy estate). In cases where a single cause of action claims damages for both injuries to one's person and injuries to one's property, ownership of the claim (and its associated judgment if the claim is successful) could be split between the debtor and the bankruptcy estate. *See id.*

As discussed above, Musari did not list her claims against Defendants as exempt in Schedule C of her filing in the bankruptcy proceedings. *See In re Musari*, Doc. No. 27. Accordingly, Musari's claims against Defendants are not exempt from the property of the bankruptcy estate and currently belong to the estate. For this reason, she currently lacks standing to bring all of her claims against Defendants.

### B. Futility of Amendment of Plaintiff's Complaint

Musari has not amended her complaint. She has not pleaded damages to her psyche in her complaint; however, she has stated in her opposition that Defendants "caused the Plaintiff much stress and anxiety which was very damaging to the Plaintiff's health." Opp'n 29. Although the claims that she has brought against Defendants are currently the property of the estate, it is plausible that at least some of them are claims for injury to her person (*i.e.*, damage to her psyche) under Md. Code, Cts. & Jud. Proc. § 11-504(b)(2).

The bankruptcy court has discretion to reopen a bankruptcy case and permit amendment of the schedule of exempt assets. *See Schlotzhauer*, 119 A.3d at 130–31. The bankruptcy court then may consider whether the assets as amended fall under the exemptions set forth in § 11-504(b). Based on the findings of the bankruptcy court should it reopen the case and allow amendment of the exemptions schedule, Musari may be the real party in interest with respect to at least some of her claims against Defendants and therefore have standing to proceed in this Court. *See Schlotzhauer*, 119 A.3d 121.

11

   1. *Count 2: Breach of Contract*

Countrywide and BofA have not entered an appearance and appear not to have been served. Musari has brought a breach of contract claim against Countrywide and BofA. As discussed above, standing is analyzed as an issue of subject matter jurisdiction. *See Nat'l Alliance*, 2011 WL 4499294. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "Furthermore, the court has an independent obligation to evaluate, *sua sponte,* its subject matter jurisdiction if it is in doubt." *Romaine v. Obama*, No. JKB-15-3507, 2015 WL 7424272, at *1 (D. Md. Nov. 23, 2015) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1997)).

Breach of contract claims are not exempt under Md. Code, Cts. & Jud. Proc. § 11-504(b). *See In re Barton*, No. 05-41280-DK, 2006 WL 4667120, at *2 (Bankr. D. Md. June 26, 2006); *Niedermayer*, 90 B.R. at 149. For this reason, I find that the bankruptcy court cannot determine that Musari is the real party in interest with respect to her breach of contract claim. Therefore, she lacks standing to bring her breach of contract claim against Countrywide and BofA, and amendment of her complaint with respect to her breach of contract claim is futile. Therefore, I will dismiss Count 2 with prejudice.

   2. *Count 9: Perjury and Count 10: Wrongful Foreclosure*

Maryland law does not recognize a private right of action for perjury, *Schaub v. O'Ferrall*, 81 A. 789, 791–92 (Md. 1911), and does not recognize the cause of action for wrongful disclosure, *see Davis v. Wilmington Fin., Inc.*, No. PJM-09-1505, 2010 WL 1375363, at *7 (D. Md. Mar. 26, 2010). Accordingly, no ruling by the bankruptcy court would permit

Musari to bring these actions, and amendment is futile. I will dismiss Counts 9 and 10 with prejudice.

        *3. Claims for Injuries not to Musari's Person and Claims for Punitive Damages*

Even if Musari succeeds in the proceedings before the bankruptcy court, she cannot be the real party in interest with respect to the claims against Defendants for injuries other than injuries to her person (*e.g.*, economic damages to her property), *see In re Hurst*, 239 B.R. at 91–92, or receive punitive damages with respect to her claims, *see Niedermayer*, 90 B.R. at 149. Accordingly, Musari's claims for injuries other than injuries to her person are dismissed.[7]

        *4. Counts 1, 3, 4, 5, 6, 7, and 8*[8]

Musari has brought various claims against Defendants that could be exempt under Md. Code, Cts. & Jud. Proc. § 11-504(b)(2). Because I find that the bankruptcy court could plausibly determine that Musari is the real party in interest with respect to at least some of her claims against Defendants and Musari could amend her complaint to allege injuries to her person, I find that amendment would not be futile with respect to Counts 1, 3, 4, 5,[9] 6, 7, and 8 against Defendants. Accordingly, I will deny Defendants' motion to dismiss with prejudice Counts 3, 4, 5, 6, 7, and 8.

---

[7] Because this Court must consider subject matter jurisdiction *sua sponte*, *see Brickwood Contractors*, 369 F.3d at 390, and Musari lacks standing to bring claims for injuries not to her person under Count 1 for the same reasons as she lacks standing to bring claims for injuries not to her person under Counts 3, 4, 5, 6, 7, and 8, this ruling also applies to Count 1 even though Count 1 is not the subject of Defendants' motion to dismiss.

[8] For the same jurisdictional reasons discussed *supra* note 7, I must address the disposition of Count 1 at the same time that I address the disposition of the remaining counts that are the subject of Defendants' motion to dismiss: Counts 3, 4, 5, 6, 7, and 8.

[9] Defendants state that Musari's claims under the FDCPA are time barred under the one year statute of limitations. *See* Defs.' Mem. 23–24 (citing 15 U.S.C. § 1692k(d)). Because Musari is *pro se* and I will permit her to amend her complaint for other counts as described in this opinion, I also will permit her to amend her complaint with respect to Count 5 for violations of the FDCPA if it is possible to cure the statute of limitations issue raised by Defendants even though it appears any amendment likely would be futile.

However, because Musari currently does not have standing to bring these claims, I will dismiss Count 1 and grant Defendants' motion to dismiss Counts 3, 4, 5, 6, 7, and 8 subject to Musari being permitted to file a motion in bankruptcy court to reopen her bankruptcy case and amend her schedule of exemptions.  She will inform this Court whether she intends to seek this relief from the bankruptcy court on or before August 24, 2016.  If she elects not to proceed in bankruptcy court, all of her claims will be dismissed with prejudice because she will lack standing, and the case will be closed.

If Musari does proceed in bankruptcy court, the bankruptcy court first will determine whether to reopen her case and second whether to permit her to amend her schedule of exempt assets.  If the bankruptcy court declines to reopen the bankruptcy case or declines to permit her to amend her schedule of exempt assets, her claims in this case will be dismissed with prejudice because she will be unable to obtain standing, and the case will be closed.

In order to proceed in this case, Musari must seek a determination from the bankruptcy court on whether any of the claims in this case are exempt under § 11-504(b)(2).  For each cause of action corresponding to the counts in this case that she asserts is exempt and belongs to her, the bankruptcy court will determine whether the claim for injury to her person corresponding to each count is exempt and therefore whether she is the real party in interest with respect to each count.[10]  The bankruptcy court may decide that some or all of the causes of action in this case cannot support a claim for injury to Musari's person.  *See Niedermayer*, 90 B.R. at 149 (finding

---

[10]    Alternatively, it is possible for the bankruptcy court to determine that Musari is the real party in interest with respect to these claims if it finds that the bankruptcy estate abandoned its ownership of her claims, *see* 11 U.S.C. § 554, which could include abandonment not only her claims for injuries to her person but also claims for other damages (*e.g.*, economic damages or punitive damages).  If the bankruptcy court finds that the estate completely abandoned its ownership of all components of Musari's causes of actions, I would reconsider my order dismissing her claims for injuries other than injuries to her person.

that "the claim for damages for breach of contract is not a claim for injury to the person" and is properly "part of the bankruptcy estate"). Any claims that the bankruptcy court determines are not exempt under § 11-504(b)(2) and belong to the bankruptcy estate will be dismissed with prejudice in this case because Musari will be unable to obtain standing. If the bankruptcy court finds that she is the real party in interest with respect to certain of her claims against Defendants, I will permit her to amend her complaint to reflect the findings of the bankruptcy court, plead any injuries to her person that are consistent with the bankruptcy court's findings, and address the pleadings deficiencies identified in Defendants' motion to dismiss. Musari will not be permitted to amend her complaint for any other purpose. This case will be administratively closed for six months while Musari seeks a determination from the bankruptcy court of whether certain of her claims against Defendants belong to her as opposed to the bankruptcy estate, and she will file a status report by the earlier of February 3, 2017, or within 21 days of the resolution of these issues in bankruptcy court.

## IV.    CONCLUSION

For the reasons stated above, I will GRANT IN PART and DENY IN PART Defendants' motion to dismiss.

**ORDER**

Accordingly, it is this 3rd day of August, 2016, hereby ORDERED that

1. Plaintiff will serve Defendants Countrywide Home Loans and Bank of America, N.A. by September 3, 2016, or the case against these Defendants will be dismissed;

2. Defendants' motion to dismiss, ECF No. 12, is GRANTED IN PART and DENIED IN PART;

3. Counts 2, 9, and 10 are dismissed with prejudice;

15

4. Plaintiff's claims for injuries other than injuries to her person, including claims for punitive damages, with respect to Counts 1, 3, 4, 5, 6, 7, and 8 are dismissed with prejudice;

5. Plaintiff's claims for injuries to her person with respect to Counts 1, 3, 4, 5, 6, 7, and 8 are dismissed subject to further proceedings before the bankruptcy court and potential future amendment of the complaint;

6. Plaintiff will file a status report on or before August 24, 2016, informing this Court whether she will seek a determination in bankruptcy court that she is the real party in interest of the claims for injuries to her person corresponding to Counts 1, 3, 4, 5, 6, 7, and 8 and failure to do so will result in the dismissal of these claims; and

7. Upon receipt of Plaintiff's status report informing me on whether she will proceed in bankruptcy court, I will issue an additional order consistent with this memorandum opinion regarding the status and disposition of this case as follows:

   a. If Plaintiff elects not to proceed in bankruptcy court, all of her claims will be dismissed with prejudice, and the case will be closed; or

   b. If Plaintiff elects to proceed in bankruptcy court, this case will be administratively closed for six months while she seeks a determination from the bankruptcy court of whether certain of her claims against Defendants belong to her as opposed to the bankruptcy estate. She will file a status report by the earlier of February 3, 2017, or within 21 days of the resolution of these issues in bankruptcy court.

So ordered.

> /S/
> Paul W. Grimm
> United States District Judge

dpb